# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 16-40406
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit
**FILED**
December 1, 2016
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LUIS ZAVALA-GARCIA, also known as Viejo,

Defendant - Appellant

————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CR-55-12

————————————

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Luis Zavala-Garcia, federal prisoner # 48346-379, pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 100 kilograms or more, but less than 1,000 kilograms, of marijuana. Zavala appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines.

———————————

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-40406

Section 3582(c)(2) permits a sentencing modification when, after a prisoner is sentenced, the predicate Guidelines sentencing range is lowered and made retroactive. *See Dillon v. United States*, 560 U.S. 817, 824–26 (2010). In that regard, Amendment 782 effectively lowered most drug-related base offense levels by two. *See* U.S.S.G., App. C., Amend. 782. As explained below, Amendment 782 was properly applied to Zavala's sentence; therefore, § 3582(c)(2) is inapplicable.

Amendment 782 became effective after Zavala's presentence investigation report (PSR) was first prepared, but before his sentencing hearing. The original PSR noted Zavala's total offense level was 37, resulting in a 210–262-month Guidelines sentencing range. The PSR was revised three days prior to the hearing and incorporated Amendment 782's lower Guidelines range, 168–210 months, resulting in a total offense level of 35. Ultimately, pursuant to a plea agreement expressly incorporating the reduced sentencing range pursuant to Amendment 782, Zavala was sentenced to 108 months' imprisonment, well below the amended sentencing range.

The plea agreement contained an appellate-waiver provision; Zavala did not appeal from that judgment. One year later, Zavala filed the § 3582(c)(2) motion, contending the court failed to afford him the benefit of Amendment 782.

Contrary to Zavala's claim, in receiving a sentence 60 months below the bottom of the amended sentencing range, Zavala was afforded the full benefit of Amendment 782. In short, he is ineligible for a sentence reduction under § 3582(c)(2) because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission". 18 U.S.C. § 3582(c)(2); *see Dillon* 560 U.S. at 824–26.

AFFIRMED.